IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                              Case Nos.:    3:05cr37/RV
                                                               3:10cv116/RV/EMT
NATHANIEL FIELDS

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 59). The Government has filed a response (doc. 61), and Defendant has filed a reply (doc. 64). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that the issue presented does not require an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied and dismissed.

## BACKGROUND and ANALYSIS

The facts of the case are set forth in the Eleventh Circuit's opinion (doc. 56) and will not be repeated at length herein. As relevant to the instant claim, during a Terry stop on February 1, 2005, Escambia County Sheriff's Deputy Reginald Bruster arrested Defendant after determining that he had been driving with a suspended license. During the search incident to that arrest, Bruster found illegal drugs in Defendant's vehicle. Defendant challenged the validity of Bruster's stop and moved to suppress the evidence obtained during the stop, and his motion was denied (docs. 17, 18, 20). He then entered a plea of guilty, reserving the right to appeal the district court's denial of his motion to suppress (docs. 27, 28 at 2). He appealed, and the Eleventh Circuit affirmed the denial of the motion to suppress (doc. 56). The mandate issued on May 25, 2006 (doc. 56). The instant motion

to vacate was filed pursuant to the prison mailbox rule[1] on April 11, 2010. Although it was filed well beyond the one-year statute of limitations set forth in 28 U.S.C. § 2255(f), Defendant contends that it is timely under § 2255(f)(3), which permits filing a motion within one year from the date the right asserted was initially recognized by the Supreme Court (doc. 59 at 12). He relies on the Supreme Court's April 21, 2009 decision in Arizona v. Gant, 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) to support his lone assertion that the search of his vehicle was unconstitutional. The Government opposes the motion.

In Arizona v. Gant, the Supreme Court held that police may search the passenger compartment of a vehicle incident to a recent occupant's arrest only if it is reasonable to believe that the arrestee might access the vehicle at the time of the search or that the vehicle contains evidence of the offense of arrest. 129 S. Ct. at 1723. The Supreme Court did not hold that the newly declared constitutional law regarding reasonable searches applied retroactively to any cases, let alone to cases on collateral review. 556 U.S. 332, 129 S. Ct. 1710, 173 L. Ed. 2d 485. *See* Tyler v. Cain, 533 U.S. 656, 663 (2001) ("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive"). Petitioner's conviction became final May 25, 2006, nearly three years before the Supreme Court issued its decision in Arizona v. Gant. Therefore, the holding in Gant does not apply to his case, and he is not entitled to relief. *See* Teague v. Lane, 489 U.S. 288, 305 (1989) ("[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced"); Kent v. United States, 2010 WL 3258579 (E.D. Mo. 2010); United States v. Brown, 2009 WL 1605634 (D.S.C. 2009); Bass v. United States, 2010 WL 1903585 (S.D. Ga. 2010) (all holding that Gant does not apply retroactively on collateral review).

Even if Gant were retroactive on collateral review, Defendant's claim is barred by circuit precedent. In United States v. Davis, 598 F.3d 1259 (11th Cir. 2010), the Eleventh Circuit determined that Gant should be applied retroactively to cases pending on direct review when it was decided. 598 F.3d at 1263. The Davis court determined that a constitutional violation had occurred

---

[1] Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

under Gant, but it declined to suppress the fruits of the illegal search because law enforcement had conducted the search in "objectively reasonable reliance on [. . .] well-settled precedent" even though that precedent was subsequently overturned. 598 F.3d at 1264. Defendant urges that this court reject the Davis court's expansion of the good faith doctrine to Gant, due to what he claims is a conflict with United States v. Chanthasouxat, 342 F.3d 1271, 1280 (11th Cir. 2003) (holding that the good faith exception to the exclusionary rule . . . should not be extended to excuse a vehicular search based on an officer's mistake of law). Even if the court were inclined to accept Defendant's invitation to ignore binding circuit precedent,[2] he would not be entitled to relief for three reasons.

First, the Davis case and Defendant's case were not similarly situated at the time Gant was decided. Unlike Defendant's case, the Davis case was pending on direct review when the Supreme Court decided Gant, and thus Gant was properly applied to that case. Second, Defendant's claim that Davis is unsound due to conflict with circuit precedent is without merit. Davis and Chanthasouxat are clearly distinguishable in that in Davis the officer acted in accordance with the governing law. It was the law that changed after the search. In Chanthasouxat, on the other hand, law enforcement made a mistake of law, that is, the officer's good faith belief that his actions were in accordance with existing law was mistaken. *Compare*, Davis, 598 F.3d at 1264, with Chanthasouxat, 342 F.3d at 1280. Finally, the Eleventh Circuit's opinion in Davis was affirmed by the Supreme Court after Defendant filed his reply memorandum, and thus the "good faith exception" Defendant asks this court to reject has received the Supreme Court's seal of approval. *See* Davis v. United States, 131 S.Ct. 2419, 2422–23 (2011). He therefore is not entitled to relief.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

---

[2] It is well established that a circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts. *See* McGinley v. Houston, 361 F.3d 1328, 1331 (11th Cir. 2004).

Case Nos: 3:05cr37/RV; 3:10cv116/RV/EMT

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

The motion to vacate, set aside, or correct sentence (doc. 59)  be **DENIED and DISMISSED**, and no certificate of appealability should issue.

At Pensacola, Florida, this 23rd day of  November 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** United States v. Roberts**, 858 F.2d 698, 701 (11th Cir. 1988).**